# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| In re: | ) |
| **ANNEDA SHEPHERD,** | ) |
| | ) |
|     **Debtor.** | ) |

| | | |
|---|---|---|
| **ANNEDA SHEPHERD,** | ) | |
| | ) | |
|     **Appellant,** | ) | |
| | ) | **Nos. 3:07-cv-170 and 3:07-cv-171** |
| v. | ) | **(Phillips)** |
| | ) | |
| **EMC MORTGAGE CORPORATION,** | ) | |
| | ) | |
|     **Appellee.** | ) | |

## MEMORANDUM OPINION

Debtor Anneda Shepherd appeals from two orders entered by the Honorable Richard Stair, Jr., United States Bankruptcy Judge. Debtor first appeals the Order of Judge Stair interpreting 11 U.S.C. § 101(13A)(A) as prohibiting her from modifying the secured claim of appellee EMC Mortgage Corporation under 11 U.S.C. § 1322(b)(2), and accordingly appeals the Order of Judge Stair entering her amended Chapter 13 plan to conform with his previous Order. Debtor timely appealed, and for the reasons that follows, this court reverses.

**I.    BACKGROUND**

The parties having stipulated to the following facts [Doc. 1, Attach. 11], they are not in dispute. Debtor Anneda Shepherd purchased a 1997 Buccaneer Clipper Mobile Home for use as her principal residence. The mobile home was purchased under an installment contract for $38,856.85, financed at a rate of 9.750% APR over 360 months, with a security interest in the mobile home. Subsequent

to her purchase, the installment contract was assigned to United Companies Funding, Inc. Appellee EMC Mortgage Corporation ("EMC") now holds the contract.

On June 20, 2006, Shepherd filed for bankruptcy under Chapter 13 of the Bankruptcy Code. Her Chapter 13 plan provided that appellee's claim, arising under her mortgage obligation of the mobile home, would be "crammed down" and paid as secured only to the extent of the value of the mobile home. "Cramming down" is "a bankruptcy term used when a plan is confirmed over a claim holder's objection." *Tidewater Fin. Co. v. Curry*, 347 B.R. 596, 599 n.1 (B.A.P. 6th Cir. 2006). EMC originally filed an objection to debtor's plan under 11 U.S.C. § 1324, but subsequently amended its objection under 11 U.S.C. § 101(13A)(A), arguing that the definition of "debtor's principal residence" provided therein prevented debtor from modifying EMC's secured claim under the anti-modification provision of 11 U.S.C. § 1322(b)(2).

In a Memorandum and separate Order dated November 3, 2006, Judge Stair concluded that § 101(13A)(A) extends the anti-modification provision of § 1322(b)(2) to a debtor's principal residence that is not real property. Pursuant to this Order, debtor amended her Chapter 13 plan such that EMC's secured claim was unaffected. On January 23, 2007, Judge Stair entered an Order approving the debtor's amended plan. Debtor now appeals the Order interpreting § 101(13A)(A) as broadening the anti-modification provision of § 1322(b)(2) and the Order entering her Chapter 13 plan as amended in conformity therewith.

## II. STANDARD OF REVIEW

This court has appellate jurisdiction over judgments of the bankruptcy court pursuant to 28 U.S.C. § 158 (2006). "On appeal from the judgment of the bankruptcy court, a district court reviews the bankruptcy court's findings of fact under the clearly erroneous standard but reviews de novo the bankruptcy court's conclusions of law." *Nicholson v. Isaacman*, 26 F.3d 629, 631 (6th Cir. 1994);

*accord Stamper v. United States*, 360 F.3d 551, 557 (6th Cir. 2004).

## III. ANALYSIS

As the parties jointly stipulated to the facts, Judge Stair did not make any independent findings of fact. Accordingly, this court reviews only the legal conclusions under a *de novo* standard.

### A. Section 101(13A)(A) and Its Effect on § 1322(b)(2)

The Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), enacted in 2005 and effective as of October 17, 2005, defines a "debtor's principal residence" as "a residential structure, including incidental property, without regard to whether that structure is attached to real property." 11 U.S.C. § 101(13A)(A) (2006). This definition "includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer." *Id.* § 101(13A)(B). Section 1322(b)(2) in turn allows a plan under Chapter 13 to "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." *Id.* § 1322(b)(2). The exception to modification is commonly known as the anti-modification provision. As "debtor's principal residence" was previously undefined by statute, the enactment of § 101(13A)(A) has raised the issue of whether the definition extends the anti-modification provision of § 1322(b)(2) to claims, such as that of appellee, where the structure is the debtor's principal residence but not real property. Here, the parties do not dispute that the mobile home is located on real property in which the debtor has no ownership interest and against which EMC has no perfected lien.

Judge Stair ruled that the definition of "debtor's principal residence" in 11 U.S.C. § 101(13A)(A) served to broaden the anti-modification provision of § 1322(b)(2). Utilizing common principles of statutory construction, Judge Stair concluded that a literal application of § 101(13A)(A) to § 1322(b)(2) was inherently inconsistent. In his analysis, Judge Stair substituted the verbatim

definition of "debtor's principal residence" for that term as used in § 1322(b)(2). This, according to Judge Stair, resulted in the "absurd" proposition that "a debtor may not modify the claims of a creditor holding a security interest in the debtor's residential structure, including a condominium, cooperative, mobile home, or trailer, irrespective of whether it is attached to the real property, but only if the security interest includes the real property." [Doc. 1, Attach. 15, at 9]. After searching the legislative history, he concluded that the definition extended the application of the anti-modification provision to structures such as mobile homes and condominiums. Because of the inherent inconsistency, Judge Stair reasoned, "[t]o hold otherwise would render § 101(13A)(A) meaningless surplusage and would serve to judicially write it out of the provisions of BAPCPA." [Doc. 1, Attach. 15, at 11].

While this court agrees with Judge Stair's well-reasoned opinion that this results in confusion, Judge Stair was the first bankruptcy court to consider the extent to which § 101(13A) modified the requirements of § 1322(b)(2). Since the issuance of his opinion, however, many other courts have considered the issue, and the majority of courts have found that the statutory definition of "debtor's principal residence" in § 101(13A)(A) does not alter the requirement of § 1322(b)(2) that the property in question be real property. *E.g.*, *In re Gearheart*, No. 07-70232, 2007 Bankr. LEXIS 4281 (E.D. Ky. Dec. 14, 2007); *In re Logan*, No. 07-70212, 2007 Bankr. LEXIS 4280 (Bankr. E.D. Ky. Dec. 14, 2007); *In re Fuller*, No. 07-81703, 2007 Bankr. LEXIS 3765 (Bankr. M.D.N.C. Nov. 2, 2007); *In re Oliveira*, No. 07-60240, 2007 Bankr. LEXIS 3545 (Bankr. E.D. Tex. Oct. 12, 2007); *Herrin v. GreenTree-AL, LLC*, 376 B.R. 316 (S.D. Ala. 2007), *aff'g In re Herrin*, No. 06-12249-WSS-13, 2007 Bankr. LEXIS 2333 (Bankr. S.D. Ala. July 3, 2007) (en banc); *In re Bartolome*, No. 07-10731-DHW, 2007 Bankr. LEXIS 3263 (Bankr. M.D. Ala. Sept. 21, 2007); *In re Rivers-Jones*, No. 07-02607-JW, 2007 Bankr. LEXIS 2992 (Bankr. D.S.C. Sept. 4, 2007); *In re McLain*, 376 B.R. 492 (Bankr. D.S.C. 2007); *In re Manning*, No. BK 07-70190-CMS-13, 2007 Bankr. LEXIS 2595 (Bankr. N.D. Ala. Aug.

2, 2007); *In re Coleman*, No. 07-30271, 2007 Bankr. LEXIS 2807 (Bankr. W.D. Mo. Aug. 2, 2007); *In re Cox*, No. 07-60073, 2007 Bankr. LEXIS 2218 (Bankr. S.D. Tex. June 29, 2007); *see also* 2-101 William Miller Collier, Collier on Bankruptcy P 101.13A (15th ed. 2007). *But see In re Fells*, No. 07-80559, 2007 Bankr. LEXIS 3748 (Bankr. W.D. La. Oct. 23, 2007); *HSBC v. Lunger*, 370 B.R. 649 (Bankr. M.D. Pa. 2007); *In re Kennedy*, 373 B.R. 46 (Bankr. S.D. Ohio 2007). This court finds itself bound to follow the majority.

Under this majority view, courts have determined that the definition recognizes the reality that a debtor's principal residence may be personal property, as with a mobile home, or situated upon land which the debtor owns, as with a condominium unit. Section 101(13A)(A) thus encompasses all sorts of residential structures, including mobile units, and makes clear that a structure does not have to be attached to real property to be a debtor's principal residence. Yet the anti-modification provision simply applies to a subclass of debtors' principal residences as defined by § 101(13A)(A): namely, those principal residences which are real property. As one court recently stated, "[i]mposing the definition of 'debtor's principal residence' on Section 1322(b)(2) results ... in the ... proposition that property can be a debtor's principal residence even if it is personalty, but it cannot be subject to the no-modification provision unless it is realty." *Herrin v. GreenTree-AL, LLC*, 376 B.R. 316, 320 (S.D. Ala. 2007), *aff'g In re Herrin*, No. 06-12249-WSS-13, 2007 Bankr. LEXIS 2333 (Bankr. S.D. Ala. July 3, 2007) (en banc). Accordingly, following this majority, this court finds that the requirements of the anti-modification provision are 1) that the property in question be real property and 2) that the real property be the debtor's principal residence. *Id.* at 318.

Under principles of statutory construction, therefore, the majority of courts have found that the plain meaning of the statute is clear. Because this plain meaning does not reach an illogical result, the court is not required to parse the legislative history to supplement its analysis. *See, e.g.*, *Hughes*

*Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999) ("As in any case of statutory construction, our analysis begins with the language of the statute. And where the statutory language provides a clear answer, it ends there as well." (inner citations and quotations removed)). The court notes, however, that the majority of courts have determined that the legislative history supports the finding above. The sparse legislative history on § 101(13A)(A) "is but a close paraphrase of the statutory definition." *Herrin v. GreenTree-AL, LLC*, 376 B.R. 316, 320 (S.D. Ala. 2007). Had Congress intended to apply the anti-modification provision to personal property that is the debtor's principle residence, so the majority reasons, "it could have done so with exceptional ease by merely redacting the word 'real' or adding the words 'or personal' in Section 1322(b)(2)." *Id.* at 321; *accord In re Bartolome*, No. 07-10731-DHW, 2007 Bankr. LEXIS 3263, at *4 (Bankr. M.D. Ala. Sept. 21, 2007). The legislative history does not, however, give any affirmative indication that the legislature intended this to modify that real property is the only sort of principal residence that is subject to the anti-modification provision. The court recognizes that the legislative history similarly does not affirmatively indicate that Congress intended the requirements of § 1322(b)(2) to remain as they were ex ante. However, the majority of courts have found that this supports the view that § 1322(b)(2) still requires the property to be real property, and this court agrees with this line of cases.

In sum, albeit hesitantly, this court follows the majority. The definition of "debtor's principal residence" in § 101(13A)(A) does not operate to extend the anti-modification provision to structures that are not real property.

**B. Applicability of § 1322(b)(2) to Debtor's Mobile Home**

Having determined that the anti-modification provision only applies to property meeting two requirements, namely that the property is 1) real property and 2) the debtor's principal residence, the court must determine whether debtor's home is real property such that it is subject to the anti-

modification provision. The parties agree that the mobile home is the debtor's principal residence.

As debtor notes in her appellant brief, in bankruptcy law, a debtor's interest in property is generally determined by the applicable state law. *E.g.*, *Lyon v. Eiseman*, 372 B.R. 321, 331 (B.A.P. 6th Cir. 2007). The applicable state law being that of Tennessee, this court must determine whether Tennessee considers mobile homes to be real or personal property.

In Tennessee, mobile homes are generally considered personal property when not permanently affixed to land. *See, e.g.*, *In re Estate of Burress*, No. #2002-00320-COA-R3-CV, 2003 Tenn. App. LEXIS 82, at *21 (Tenn. Ct. App. Feb. 4, 2003) (affirming trial court's ruling that "the mobile home is personal property, and not an inseverable part of or permanently affixed to the realty"). This is particularly true where, such as here, the debtor does not own the land upon which the mobile home sits. *See, e.g.*, *Mauk v. Perry*, No. E2001-00485-COA-R3-CV, 2001 Tenn. App. LEXIS 787, at *11 (Tenn. Ct. App. Oct. 22, 2001) (mobile home was real property because permanently affixed to ground owned by resident); *Cathcart v. Tillar*, No. M2000-01439-COA-R3-CV, 2001 Tenn. App. LEXIS 411, at *2 (Tenn. Ct. App. June 1, 2001) (mobile home sitting on property not owned by residents is personal property).

Because the debtor does not own the real property on which it sits and it does not appear to be affixed permanently to the land, this court finds that the mobile home is personal property under applicable nonbankruptcy law. Accordingly, the anti-modification provision of § 1322(b)(2) does not apply to appellee EMC's claim, and debtor is free to modify the claim in her Chapter 13 plan. EMC's objection is therefore overruled.

## IV. CONCLUSION

This court concludes that § 101(13A)(A), though applicable to § 1322(b), does not alter the requirement that the property in question be real property in order for the anti-modification provision

to apply. Accordingly, the Order of November 3, 2006 is **REVERSED**, and the Order of January 23, 2007 **VACATED**, whereby the action is **REMANDED** to the Bankruptcy Court for further proceedings consistent with this opinion.

        **IT IS SO ORDERED**.

                **ENTER:**

                      s/ Thomas W. Phillips
                      United States District Judge